# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARNELL JAMES HAMMOND,<br><br>    Petitioner,<br><br>    v.<br><br>UNKNOWN,<br><br>    Respondent. | Case No. 1:25-cv-00405-SAB-HC<br><br>ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST STATE COURT REMEDIES |

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus challenging his current commitment to the state hospital.

    Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

    A petitioner in state custody who is proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by

providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971).

If Petitioner has not sought relief in the California Supreme Court, the Court cannot proceed to the merits of his claims. In the petition, Petitioner argues that the trial court did not look into the factors of the murder and that his trial counsel failed to test his clothing for gunshot residue. (ECF No. 1 at 3.[1]) The petition indicates that Petitioner is raising these claims for the first time because neither trial counsel nor appellate counsel raised these issues. (Id. at 8.) It is possible, however, that Petitioner presented his claims to the California Supreme Court and failed to indicate this to the Court. Thus, Petitioner must inform the Court whether each of his claims has been presented to the California Supreme Court, and if possible, provide the Court with a copy of the petition filed in the California Supreme Court that includes the claims now presented and a file stamp showing that the petition was indeed filed in the California Supreme Court.

Accordingly, Petitioner is hereby ORDERED to SHOW CAUSE within **THIRTY (30) days** from the date of service of this order why the petition should not be dismissed for failure to exhaust state remedies.

Petitioner is forewarned that failure to follow this order may result in a recommendation for dismissal of the petition pursuant to Federal Rule of Civil Procedure 41(b) (a petitioner's failure to prosecute or to comply with a court order may result in a dismissal of the action).

IT IS SO ORDERED.

Dated:   **April 11, 2025**

STANLEY A. BOONE
United States Magistrate Judge

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.